Slip Op. 23-15

# UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| **HYUNDAI STEEL COMPANY,** <br><br> Plaintiff, <br><br> v. <br><br> **UNITED STATES,** <br><br> Defendant, <br><br> and <br><br> **NUCOR CORPORATION, SSAB ENTERPRISES, LLC, and STEEL DYNAMICS, INC.,** <br><br> Defendant-Intervenors. | Before: Jennifer Choe-Groves, Judge <br><br> Court No. 21-00536 |

## OPINION AND ORDER

[Remanding the U.S. Department of Commerce's final results in the 2018 administrative review of the countervailing duty order on certain hot-rolled steel flat products from the Republic of Korea.]

Dated: February 10, 2023

Brady W. Mills, Donald B. Cameron, Julie C. Mendoza, R. Will Planert, Mary S. Hodgins, Eugene Degnan, Edward J. Thomas, III, Jordan L. Fleischer, and Nicholas C. Duffey, Morris, Manning & Martin, LLP, of Washington, D.C., for Plaintiff Hyundai Steel Company.

Kelly A. Krystyniak, Trial Attorney, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, of Washington, D.C., for Defendant United States. With her on the brief were Brian M. Boynton, Principal Deputy Assistant

Attorney General, Patricia M. McCarthy, Director, and Tara K. Hogan, Assistant Director.  Of counsel on the brief was Hendricks Valenzuela, Attorney, Office of the Chief Counsel for Trade Enforcement & Compliance, U.S. Department of Commerce.

Alan H. Price, Christopher B. Weld, and Theodore P. Brackemyre, Wiley Rein, LLP, of Washington, D.C., for Defendant-Intervenor Nucor Corporation.

Roger B. Schagrin and Jeffrey D. Gerrish, Schagrin Associates, of Washington, D.C., for Defendant-Intervenors SSAB Enterprises, LLC and Steel Dynamics, Inc.

Choe-Groves, Judge:  Plaintiff Hyundai Steel Company ("Plaintiff" or "Hyundai Steel") filed this action challenging the final results in the 2018 administrative review of the countervailing duty order on certain hot-rolled steel flat products from the Republic of Korea ("Korea").  Certain Hot-Rolled Steel Flat Products from the Republic of Korea ("Final Results"), 86 Fed. Reg. 47,621 (Dep't of Commerce Aug. 26, 2021) (final results of countervailing duty admin. review; 2018); see also Issues and Decision Mem. for the Final Results of the 2018 Admin. Review of the Countervailing Duty Order on Certain Hot-Rolled Steel Flat Products from the Republic of Korea ("Final IDM"), ECF No. 21-5.

Before the Court is Plaintiff Hyundai Steel Company's Motion for Judgment on the Agency Record, ECF Nos. 33, 34.  See also Pl. Hyundai Steel Company's Br. Supp. Its Mot. J. Agency R. ("Hyundai Steel's Br."), ECF Nos. 33-2, 34-2.  Hyundai Steel challenges the determinations by the U.S. Department of Commerce ("Commerce") that the Government of Korea's provision of port usage rights to

Hyundai Steel constituted a countervailable benefit and that Hyundai Steel's payment of reduced sewerage usage fees involved a financial contribution and a countervailable benefit. Hyundai Steel's Br. at 2. Defendant United States ("Defendant") responds to Hyundai Steel's challenge regarding the provision of port usage rights, but requests a remand of the issues involving reduced sewerage usage fees. Def.'s Resp. Pl.'s Mot. J. Agency R. ("Def.'s Resp."), ECF No. 35. Defendant-Intervenors Nucor Corporation, SSAB Enterprises, LLC, and Steel Dynamics, Inc. oppose the motion. Resp. Mot. J. Agency R. ("Def.-Intervs.' Resp."), ECF Nos. 38, 39.

For the following reasons, the Court remands the Final Results.

## BACKGROUND

Commerce initiated this second administrative review of the countervailing duty order on certain hot-rolled steel flat products from Korea for the period covering January 1, 2018 through December 31, 2018. Initiation of Antidumping and Countervailing Duty Admin. Reviews, 84 Fed. Reg. 67,712, 67,717 (Dep't of Commerce Dec. 11, 2019). Commerce selected Hyundai Steel as the sole mandatory respondent for individual examination. See Final Results, 86 Fed. Reg. at 47,622.

Commerce determined in the Final Results that Hyundai Steel received a countervailable subsidy through the Port Usage Rights Program. Final IDM at 17,

19. Hyundai Steel paid for construction of a port facility at North Incheon Harbor. Id. at 19; Hyundai Steel's Br. at 3. Although ownership of the port facility was transferred to the Government of Korea pursuant to Korean law, Final IDM at 20; Hyundai Steel's Br. at 3, the Government of Korea did not collect fees that it would have been entitled to collect normally as the port facility owner, including port usage fees from Hyundai Steel, and Hyundai Steel received the right to use the port and collect fees instead of the Government of Korea, see Final IDM at 19–21; Hyundai Steel's Br. at 3. Hyundai Steel collected berthing income and other fees. Final IDM at 21; Hyundai Steel's Br. at 3. Commerce determined based on Hyundai Steel's collection of these fees that Hyundai Steel had received a countervailable benefit. Final IDM at 21.

Commerce determined also in the Final Results that Hyundai Steel received a countervailable subsidy through the Sewerage Usage Fees Program. Id. at 23, 25. Under an ordinance of Incheon Metropolitan City in Korea, users may receive a reduced water bill if the amount of sewage water discharged into the public sewerage system is less than the amount of clean water consumed from the public water supply system. Id. at 25; Hyundai Steel's Br. at 3–4. Hyundai Steel had reported to Commerce that it received reductions on its monthly water bills for low wastewater levels requiring sewage treatment. Final IDM at 25–27; Hyundai Steel's Br. at 3–4. Commerce determined that the reduction in Hyundai Steel's

water bill did not meet the criteria in the ordinance for a reduction and exceeded the rate adjustments provided by the ordinance. Final IDM at 26–27. Commerce determined that the reduction in Hyundai Steel's sewerage usage fees constituted a financial contribution and countervailable benefit. Id. at 23, 27.

Commerce calculated a final subsidy rate of 0.51% for Hyundai Steel. Final Results, 86 Fed. Reg. at 47,622.

## JURISDICTION AND STANDARD OF REVIEW

The Court has jurisdiction pursuant to 19 U.S.C. § 1516a(a)(2)(B)(iii) and 28 U.S.C. § 1581(c), which grant the Court authority to review actions contesting the final results of an administrative review of a countervailing duty order. The Court will hold unlawful any determination found to be unsupported by substantial evidence on the record or otherwise not in accordance with the law. 19 U.S.C. § 1516a(b)(1)(B)(i).

## DISCUSSION

A countervailable subsidy is a financial contribution provided by an authority (a foreign government or public entity) to a specific industry when a recipient within the industry receives a benefit as a result of that contribution. See 19 U.S.C. § 1677(5); see also Fine Furniture (Shanghai) Ltd. v. United States, 748 F.3d 1365, 1369 (Fed. Cir. 2014). Section 1677(5) defines a financial contribution, in relevant part, to mean "foregoing or not collecting revenue that is otherwise due,

such as granting tax credits or deductions from taxable income," "providing goods or services, other than general infrastructure," and "purchasing goods."  19 U.S.C. § 1677(5)(D).

The statute provides that "[a] benefit shall normally be treated as conferred . . . if [] goods or services are provided for less than adequate remuneration."  Id. § 1677(5)(E), (E)(iv); see POSCO v. United States, 977 F.3d 1369, 1371 (Fed. Cir. 2020).  "For purposes of clause (iv), adequacy of remuneration [is] determined in relation to prevailing market conditions for the good or service being provided . . . in the country which is subject to the investigation or review.  Prevailing market conditions include price, quality, availability, marketability, transportation, and other conditions of purchase or sale."  19 U.S.C. § 1677(5)(E).

### I. Commerce's Determination that the Provision of Port Usage Rights Without Fee Constituted a Benefit

Commerce determined that the free provision of port usage rights associated with the Port of Incheon Program conferred a countervailable subsidy to Hyundai Steel.  Final IDM at 19–23.  Hyundai Steel challenges only Commerce's benefit determination and does not challenge Commerce's determinations as to financial contribution and specificity.  Hyundai Steel's Br. at 6–12.

Hyundai Steel argues that Commerce should have applied its "excessive benefit" standard, by which Commerce determines that a benefit is conferred only

if the period of port usage rights provided by the Government of Korea is excessive, and if Commerce had applied the "excessive benefit" standard in the Final Results, Commerce would have determined that a benefit was not conferred. Id. at 11–19.  Hyundai Steel argues alternatively that Commerce's benefit determination is not supported by substantial evidence and is not in accordance with the law because the port usage rights were provided as repayment of a debt as compensation for the taking of property when ownership was conferred to the Government of Korea under Korean law.  Id. at 19–26.

In determining that Hyundai Steel's non-payment of port usage fees accorded a countervailable benefit, Commerce considered that the Government of Korea did not collect port usage fees from Hyundai Steel that it was entitled to collect as the owner of the port and that Hyundai Steel had the right to use the port without charge.  Final IDM at 20 & n.97 (citing Government of Korea's Letters, "Certain Hot-Rolled Steel Flat Products from the Republic of Korea, 01/01/2018–12/31/2018 Administrative Review, Case No. C-580-884: The Republic of Korea's Response to the Countervailing Duty Second Suppl. Questionnaire," dated Jan. 21, 2023 ("GOK Jan. 21, 2021 SQR") at 7–8, 16–17).  Commerce analogized the Port of Incheon Program in this case to a program in which a government funds the building of a port for a company's benefit because both programs involved government assistance to build a port for the company's use.  Id. at 20.

Commerce referenced and Defendant relies on <u>AK Steel Corp. v. United States</u>, 192 F.3d 1367 (Fed. Cir. 1999).  Final IDM at 20; Def.'s Resp. at 7–8.  In <u>AK Steel Corp.</u>, the U.S. Court of Appeals for the Federal Circuit upheld Commerce's benefit determination based on POSCO's exemption from dockyard fees.  192 F.3d at 1382.  Under the program at issue in that case, POSCO built and paid for fifteen port berths when construction by the Government of Korea stalled due to budget constraints.  <u>Id.</u>  POSCO ceded ownership of the port berths to the Government of Korea pursuant to Korean law when construction was completed.  <u>Id.</u>  As reimbursement for the cost of construction, the Government of Korea did not collect dockyard fees from POSCO and POSCO was the only company located in the port facility that did not pay dockyard fees for the use of the berths.  <u>Id.</u>  The U.S. Court of Appeals for the Federal Circuit sustained Commerce's rejection of the argument that the fee exemption was reimbursement for the cost of building and paying for the port berths that the Government of Korea would normally have assumed because "if the Korean Government had built the port berths, instead of having them ceded by POSCO, Commerce would have 'countervailed the construction funding as a specific infrastructure benefit.'"  <u>Id.</u>  The U.S. Court of Appeals for the Federal Circuit concluded that Commerce's determination was supported by substantial evidence.  <u>Id.</u>

Although the salient facts recounted in <u>AK Steel Corp.</u> may be similar to the

facts in this case, the standard of review is whether Commerce's benefit determination is supported by substantial evidence, and the instant case differs from AK Steel Corp. in the evidence on the administrative record.

The statute provides that when Commerce reviews whether a benefit is conferred, "adequacy of remuneration is determined in relation to prevailing market conditions." 19 U.S.C. § 1677(5)(E), (E)(iv). Commerce did not consider Hyundai Steel's non-payment of port usage fees in terms of adequacy of remuneration, which is to be "determined in relation to prevailing market conditions," "includ[ing] price, quality, availability, marketability, transportation, and other conditions of purchase or sale." Id. § 1677(5)(E). Commerce considered that Hyundai Steel uses the port to transport raw materials for steel production. Final IDM at 19 & n.93 (citing GOK Jan. 21, 2021 SQR at 14–17). Commerce considered also that the Government of Korea is not collecting fees that it is entitled to collect. Id. at 20 & n.97 (citing GOK Jan. 21, 2021 SQR at 7–8, 16–17). Commerce considered that nothing on the record demonstrated that the main purpose of building the port was for the public good or any governmental functions. Id. at 20 & n.98 (citing Hyundai Steel's Letter, "Certain Hot-Rolled Steel Flat Products from the Republic of Korea, Case No. C-580-884: Hyundai Steel's Initial Questionnaire Resp.," dated Apr. 9, 2020 ("Hyundai Steel Apr. 9, 2020 IQR") at Ex. G-1. Commerce considered that the Government of Korea

agreed to provide various forms of support for the port's construction.  Id. at 20 & n.99 (citing Hyundai Steel Apr. 9, 2020 IQR at Ex. G-1, Arts. 48–54).  Commerce did not consider information, however, regarding adequate remuneration for port usage in relation to the prevailing market conditions, such as "price, quality, availability, marketability, transportation, and *other conditions of purchase or sale*," 19 U.S.C. § 1677(5)(E) (emphasis added), and an analysis of the record evidence to determine that the Government of Korea provided usage of the port for less than adequate remuneration.  Without these statutorily defined components, Commerce's determination that the provision of port usage rights constituted a benefit is not supported by substantial evidence.

The Court remands Commerce's determination that the provision of port usage rights associated with the Port of Incheon Program conferred a benefit for further consideration.

> **II.    Partial Remand of Commerce's Determination that Hyundai Steel's Reduced Fees Pursuant to the Sewerage Usage Fees Program Constituted a Countervailable Subsidy**

Commerce determined that the difference between the amount in sewerage usage fees that Hyundai Steel paid and the amount that Hyundai Steel would have paid without the Sewerage Usage Fees Program constituted a countervailable subsidy.  Final IDM at 23, 25.  Defendant requests a remand for Commerce to reconsider its determination in light of its better understanding of the program and

the underlying Korean law that governs the reduction of sewerage usage fees. Def.'s Resp. at 13–15. Hyundai Steel supports Defendant's request for remand, but in the event that the Court does not grant the request, Hyundai Steel challenges Commerce's determinations that the Sewerage Usage Fees Program constituted a financial contribution and conferred a benefit to Hyundai Steel. Hyundai Steel's Br. at 26–27, 35–39. Defendant-Intervenors did not comment on the Sewerage Usage Fees Program issue or the remand request. See Def.-Intervs.' Resp.

The U.S. Court of Appeals for the Federal Circuit has recognized that the decision to remand is in the court's discretion when an agency seeks a remand without confessing error in order to reconsider its previous position. SKF USA, Inc. v. United States, 254 F.3d 1022, 1029 (Fed. Cir. 2001) (citations omitted). If the Court grants a remand, Commerce will reconsider its determinations regarding the Sewerage Usage Fees Program. Def.'s Resp. at 14–15. It is "prefer[able] to allow agencies to cure their own mistakes rather than wasting the court's and the parties' resources," especially when the agency seeks to "cure the very legal defects" challenged by other parties. See id. at 15 (quoting Citizens Against the Pellissippi Parkway v. Mineta, 375 F.3d 412, 416 (6th Cir. 2004)). Because a remand will allow Commerce to cure its own mistakes and reconsider two substantive issues raised by Plaintiff, as well as preserve court resources, the Court remands Commerce's benefit determination and financial contribution

determination related to the Sewerage Usage Fees Program.

## CONCLUSION

For the aforementioned reasons, the Court remands Commerce's determination that the free provision of port usage rights associated with the Port of Incheon Program conferred a benefit and Commerce's benefit and financial contribution determinations related to the Sewerage Usage Fees Program for further consideration consistent with this Opinion.

Accordingly, it is hereby

**ORDERED** that the <u>Final Results</u> are remanded; and it is further

**ORDERED** that this case will proceed according to the following schedule:

(1) Commerce shall file the remand results on or before April 10, 2023;

(2) Commerce shall file the administrative record index on or before April 24, 2023;

(3) Comments in opposition to the remand results shall be filed on or before May 8, 2023;

(4) Comments in support of the remand results shall be filed on or before May 22, 2023; and

      (5)   The joint appendix shall be filed on or before June 5, 2023.

                                              /s/ Jennifer Choe-Groves
                                               Jennifer Choe-Groves, Judge

Dated:   February 10, 2023
             New York, New York