IN THE UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| HYUNDAI STEEL COMPANY,<br><br>    Plaintiff,<br><br>v.<br><br>UNITED STATES,<br><br>    Defendant,<br><br>and,<br><br>NUCOR CORPORATION, SSAB ENTERPRISES, LLC, AND STEEL DYNAMICS, INC.,<br><br>    Defendant-Intervenors. | Before: Hon. Jennifer Choe-Groves, Judge<br><br>Court No. 21-00536 |

## DEFENDANT-INTERVENORS' COMMENTS IN SUPPORT OF THE FINAL RESULTS OF REDETERMINATION PURSUANT TO COURT REMAND

Alan H. Price, Esq.
Christopher B. Weld, Esq.
Theodore P. Brackemyre, Esq.

WILEY REIN LLP
2050 M Street, NW
Washington, DC 20036
(202) 719-7000

*Counsel to Nucor Corporation*

Roger B. Schagrin, Esq.
Jeffrey D. Gerrish, Esq.

SCHAGRIN ASSOCIATES
900 Seventh Street, NW
Suite 500
Washington, DC 20001
(202) 223-1700

*Counsel to SSAB Enterprises, LLC and Steel Dynamics, Inc.*

**Dated: June 1, 2023**

# TABLE OF CONTENTS

**Pages**

I. INTRODUCTION ........................................................................................................... 1
II. BACKGROUND ............................................................................................................ 1
III. ARGUMENT ................................................................................................................. 3
IV. CONCLUSION .............................................................................................................. 8

# TABLE OF AUTHORITIES

**Page(s)**

**Statutes**

19 U.S.C. § 1677(5) ...................................................................................................................... 2

19 U.S.C. § 1677(5A) .................................................................................................................... 2

19 U.S.C. § 1677(5)(D)(ii) ............................................................................................................. 3

19 U.S.C. § 1677(5)(E) .......................................................................................................... 4, 5, 6

Tariff Act of 1930 Section 771(5)(D)(ii) ....................................................................................... 2

Tariff Act of 1930 Section 771(5)(D) ............................................................................................ 3

Tariff Act of 1930 Section 771(5)(E) .................................................................................... *passim*

Tariff Act of 1930 Section 771(5)(E)(iv) ....................................................................................... 4

**Regulations**

19 C.F.R. § 351.503(b) .................................................................................................................. 5

**Administrative Materials**

*Certain Hot-Rolled Steel Flat Products From the Republic of Korea*,
    86 Fed. Reg. 47,621 (Dep't Commerce Aug. 26, 2021) ........................................................... 2

I.  **INTRODUCTION**

On behalf of the defendant-intervenors in this action, Nucor Corporation, SSAB Enterprises, LLC, and Steel Dynamics, Inc. (collectively, "Defendant-Intervenors"), we hereby submit the following comments in support of part of the April 10, 2023 remand determination issued by the U.S. Department of Commerce ("Commerce"). Final Results of Redetermination Pursuant to Court Remand (Apr. 10, 2023), ECF. No. 48 ("Remand Determination"). Specifically, Commerce properly declined to analyze the benefit from the port usage rights program at issue under the framework for the provision of goods or services for less than adequate remuneration ("LTAR"), and thus the agency's benefit determination was supported by the record and in accordance with the law. The Court should reject arguments to the contrary made by Plaintiff Hyundai Steel Company ("Plaintiff" or "Hyundai Steel") in its comments in opposition to the Remand Determination, Pl.'s Comments on Commerce's Redetermination Pursuant to Court Remand (May 8, 2023), ECF No. 50 ("Hyundai Steel Opp. Cmts."), and it should sustain this aspect of Commerce's determination.[1]

II.  **BACKGROUND**

This litigation concerns Commerce's final results in the 2018 administrative review of the countervailing duty ("CVD") order on *Certain Hot-Rolled Steel Flat Products from the Republic of Korea.* Remand Determination at 1. During that review, Commerce examined subsidies received by Hyundai Steel from the Government of the Republic of Korea ("GOK") relating to Hyundai Steel's construction and operation of a wharf at North Incheon Harbor (*i.e.*, the Incheon Wharf) as part of a public-private partnership with the GOK. *Id.* at 12-13. Pursuant to its

---

[1] Defendant-Intervenors do not intend to address Commerce's determination that the reduction for sewerage fees program is no longer countervailable. Remand Determination at 5-11.

agreement with the GOK, Hyundai Steel financed the construction of the Incheon Wharf, and ownership of the wharf reverted to the GOK in 2007, at which time the GOK granted Hyundai Steel the right to use and operate the wharf for 41 years and 8 months. *Id.* at 12, 26-27.

Hyundai Steel has received various benefits from its operation and use of the Incheon Wharf. First, Hyundai Steel received direct reimbursements from the GOK for its construction costs between 2004 and 2007. *Id.* at 29. Second, Hyundai Steel was exempted from paying certain fees to the GOK related to its use of the wharf. *Id.* Third, the GOK allowed Hyundai Steel to collect fees from shipping operators and third-party users of the wharf, such as berthing income and harbor facility usage fees. *Id.* In the current appeal, Plaintiff has challenged the countervailability of this third set of benefits (*i.e.*, the ability to collect fees), *id.* at 2-3, which Commerce has found to constitute a financial contribution as "revenue foregone" and to provide a countervailable benefit under sections 771(5)(D)(ii) and 771(5)(E) of the Tariff Act of 1930 (the "Act"), respectively, *see id.*; *Certain Hot-Rolled Steel Flat Products From the Republic of Korea*, 86 Fed. Reg. 47,621 (Dep't Commerce Aug. 26, 2021) (final results of countervailing duty admin. rev.; 2018), P.R. 176 and accompanying Issues and Decision Memorandum, P.R. 175 ("Final I&D Memo") at 19-23.[2]

Commerce's CVD analysis entails three elements: financial contribution, specificity, and benefit. *See* 19 U.S.C. § 1677(5)-(5A). Notably, as the Court has acknowledged, Hyundai Steel only challenged the Commerce's benefit determination and did not contest the agency's findings as to financial contribution or specificity. Opinion and Order, *Hyundai Steel Company v. United*

---

[2] Documents on the public record of the underlying administrative review are identified here as "P.R.," followed by the number assigned to the relevant document in the administrative record index filed with the Court on November 19, 2021.

*States*, Court No. 21-00536, Slip Op. 23-15 (Ct. Int'l Trade Feb. 10, 2023) at 6 ("Opinion & Remand Order"). That is, Hyundai Steel did not appeal Commerce's determination under section 771(5)(D) of the Act that the right to collect these fees constitutes a financial contribution because the GOK is "foregoing or not collecting revenue that is otherwise due." *See* Remand Determination at 13-14; 19 U.S.C. § 1677(5)(D)(ii). Instead, Plaintiff's appeal focuses squarely on the benefit analysis, which Commerce has correctly recognized. Remand Determination at 14.

On February 10, 2023, this Court issued its opinion and remand order, instructing Commerce to reconsider its determination that the provision of port usage rights at North Incheon Harbor conferred a countervailable benefit. Opinion & Remand Order at 9-10. Subsequently, on March 16, 2023, Commerce issued its draft remand determination. Remand Determination at 4. Parties filed comments on the draft remand determination on March 23, 2023, and Commerce filed its final Remand Determination with the Court on April 10, 2023. *Id.*. On remand, Commerce has continued to find that the provision of port usage rights confers a countervailable benefit to Hyundai Steel. *Id.* at 27. On May 8, 2023, Plaintiff Hyundai Steel submitted comments with the Court in opposition to the Remand Determination, in which it challenges Commerce's continued determination that the provision of port usage rights to Hyundai Steel constitute a countervailable benefit. Hyundai Steel Opp. Cmts. at 4-18.

### III. <u>ARGUMENT</u>

Commerce properly assessed the benefit Hyundai Steel received from revenue foregone by the GOK through the provision of port usage rights at North Incheon Harbor. Section 771(5)(E) of the Act explains that a "benefit shall normally be treated as conferred where there is a benefit to the recipient," including specific instructions in the case of (i) "an equity infusion," (ii) "a loan," (iii) "a loan guarantee," and (iv) "where goods or services are provided, if such goods or services

3

are provided for less than adequate remuneration." 19 U.S.C. § 1677(5)(E). The statute further provides that, in the case of subparagraph (iv), "the adequacy of remuneration shall be determined in relation to prevailing market conditions." *Id.* None of these additional requirements would typically apply, however, in the context of subsidies not specifically enumerated under section 771(5)(E)(iv). *See id.* Non-enumerated, other subsidies include those characterized as "revenue foregone," which—as exemplified by the current proceeding—clearly do not constitute equity infusions, loans, loan guarantees, or the provision of goods or services for LTAR. *See id.* Accordingly, Commerce has correctly assessed the benefit of this program as "the GOK's assignment to Hyundai Steel the ability to collect certain port fees," which it aptly characterized as "revenue forgone," and it properly did so without assessing inapplicable statutory requirements under section 771(5)(E) of the Act. *See* Remand Determination at 16-17; *see also* Final I&D Memo at 17-21.

In its remand order, the Court instructed Commerce to reconsider its determination that the provision of port usage rights at the Incheon Wharf constitutes a countervailable benefit under section 771(5)(E) of the Act. Opinion and Remand Order at 9-10. The Court identified the "statutorily defined components" of an LTAR benefit analysis, directing Commerce to consider such factors as appropriate. *See id.* at 10. In the Remand Determination, Commerce did just that. *See* Remand Determination at 12. Commerce made clear that it was not evaluating the provision of port usage rights under an LTAR standard and that its benefit determination was consistent with the statute and established precedent. *See id.* Nevertheless, Plaintiff erroneously argues that Commerce mischaracterized the basis for its own benefit determination and that its determination is inconsistent with the Court's remand instructions. *See* Hyundai Steel Opp. Cmts. At 4-11.

4

The crux of the issue before the Court in this remand proceeding consists of two interrelated questions. First, was it reasonable for Commerce not to conduct an LTAR analysis in assessing the benefit conferred through the provision of port usage rights at North Incheon Harbor? Second, did Commerce determine that a benefit was conferred consistent with the Court's remand order? As Commerce detailed in the Remand Determination, the answer to both questions is *yes*. Plaintiff's arguments to the contrary are misplaced and should be rejected.

To start, Commerce properly reasoned that it would not be appropriate to analyze the port usage rights program under an LTAR standard. Remand Determination at 12-19. Commerce explained that, based on the statutory language and legislative history, the LTAR analyses required by section 771(5)(E) of the Act do not apply to subsidy programs where the financial contribution is provided as revenue foregone. *Id.* at 14-15. As highlighted above, since the additional requirements of subparagraph (iv) apply only to subsidies defined as the provision of goods or services for LTAR, Commerce appropriately determined that an analysis of such additional factors was not required for a port usage rights program that it correctly characterized as revenue forgone.

In arguing otherwise, Plaintiff acknowledges that the statute does not require Commerce to consider the subparagraph (iv) factors when analyzing non-enumerated "other" subsidies. *See* Hyundai Steel Opp. Cmts. at 4-6. Still, Plaintiff insists that those requirements apply equally to all subsidies on the flimsy basis that Commerce's "other subsidies" regulation shares similar language with subparagraph (iv) of section 771(5)(E). *See id.* at 6-7; 19 C.F.R. § 351.503(b); 19 U.S.C. § 1677(5)(E). Plaintiff further implies that the Court has endorsed this interpretation of the statute and the agency's regulations. *See* Hyundai Steel Opp. Cmts. at 6-7. That is a significant overreading of the Court's opinion, which does not require that Commerce consider these factors outside the context of an adequacy of remuneration analysis. *See* Opinion and Remand Order at

5

9-10. And it ignores that the statute could not be clearer in only requiring an additional analysis of "prevailing market conditions" for LTAR subsidies defined under subparagraph (iv). *See* 19 U.S.C. § 1677(5)(E).

In the Remand Determination, Commerce further reasoned that LTAR and revenue forgone analyses cannot be simultaneously applied, and it would be inappropriate to treat the subsidy program at issue here as an LTAR program because Hyundai Steel's ability to collect port usage fees cannot be treated as the provision of a good or service. Remand Determination at 16-17. Plaintiff contends that Commerce unduly focuses on its finding that the port usage rights program provides a financial contribution as revenue forgone by the GOK in making its benefit determination. *See* Hyundai Steel Opp. Cmts. at 7-11. Plaintiff is not wrong that Commerce's financial contribution and benefit analyses are separate inquiries, but the agency appropriately pointed to its revenue forgone determination merely as a means to support its benefit determination. In part due to Plaintiff's misunderstanding of the agency's benefit finding, Commerce has further defined its benefit analysis by showing that a subsidy it characterizes as revenue forgone is clearly not an LTAR program that would require additional examination under subparagraph (iv) of section 771(5)(E) of the Act. *See* Remand Determination at 16-17. In other words, Commerce's financial contribution determination is relevant here to the extent that it further shows that the agency did not (and did not intend to) evaluate the benefit conferred by the provision of port usage rights under an LTAR standard.

In this regard, Commerce also appropriately recognized that "certain subsidy programs may bear a relationship to a good or service, but that does not mean that an LTAR analysis applies to those programs or that the government was providing a financial contribution to the recipient in the form of the provision of a good or service." *Id.* at 17. Once again, the additional analysis that

Plaintiff claims was required under subparagraph (iv) of section 771(5)(E) of the Act only applies if the provision of port usage rights at North Incheon Harbor is in fact treated as the provision of a good or service for LTAR. By showing that this port usage rights program is not an LTAR program, Commerce has demonstrated that it was not required to examine this program under an adequacy of remuneration standard.

Moreover, Commerce properly addressed issues raised by the Court and Plaintiff concerning "other conditions of purchase or sale" and "excessive benefits" in the Remand Determination. *Id.* at 19-27. Commerce fully explained that it was not required to consider the costs incurred by Hyundai Steel in constructing the Incheon Wharf as part of its CVD analysis, whether as "other conditions of purchase or sale" or otherwise. *Id.* at 20-23. Commerce also refuted in detail the "excessive benefits" theory proffered by Plaintiff, finding that the agency has no such established practice and, even if it did, such standard would not be applicable in this case. *Id.* at 23-26. Indeed, the excessive benefit standard is a theory constructed by Plaintiff that has no basis in the statute or Commerce's regulations, but rather is based on a strained interpretation of inapposite agency case law. As Plaintiff acknowledges, its excessive benefit arguments are likely beyond the scope of the Court's remand. Hyundai Steel Opp. Cmts. at 14. But to the extent the Court finds the issue relevant, Defendant-Intervenors would direct the Court to their response brief in which they address and disprove Plaintiff's excessive benefits theory at length. *See* Def-Int.'s Response to Mot. for J. on the Agency R. (June 16, 2022), ECF No. 37 at 8-15.

As a final matter, for the reasons detailed above, Commerce's analysis is consistent with the Court's remand instructions. In its opinion and remand order, the Court directed Commerce to reconsider and further explain its finding that the provision of port usage rights at North Incheon Harbor constitutes a countervailable benefit under section 771(5)(E) of the Act. Opinion and

7

Remand Order at 9-10. However, the Court did not explicitly require Commerce to assess the benefit of this program under an LTAR standard. *See id.* Rather, to the extent the agency was going to treat the provision of port usage rights as an LTAR program, the Court simply instructed Commerce to further consider and explain that analysis. *See id.* That is, at most, the Court asked Commerce to clarify the basis for its benefit determination and, depending on the grounds for that determination, provide further analysis. *See id.* In the Remand Determination, Commerce has made clear that it did not evaluate the provision of port usage rights under an LTAR standard. *See* Remand Determination at 12. In fully explaining the basis for its benefit analysis, Commerce has satisfied the Court's remand instructions and, thus, the Remand Determination should be sustained.

## IV. CONCLUSION

For the reasons provided above, Defendant-Intervenors respectfully request that the Court reject the arguments raised by Plaintiff and sustain Commerce's decision to continue to countervail the benefits received by Hyundai Steel through the provision of port usage rights at North Incheon Harbor.

Respectfully submitted,

| | |
|---|---|
| */s/ Alan H. Price* | */s/ Roger B. Schagrin* |
| Alan H. Price, Esq. | Roger B. Schagrin, Esq. |
| Christopher B. Weld, Esq. | Jeffrey D. Gerrish, Esq. |
| Theodore P. Brackemyre, Esq. | |
| | **SCHAGRIN ASSOCIATES** |
| **WILEY REIN LLP** | **900 Seventh Street, NW** |
| **2050 M Street, NW** | **Suite 500** |
| **Washington, DC 20036** | **Washington, DC 20001** |
| **(202) 719-7000** | **(202) 223-1700** |
| | |
| *Counsel to Nucor Corporation* | *Counsel to SSAB Enterprises, LLC and Steel Dynamics, Inc.* |

Dated: June 1, 2023

CERTIFICATE OF COMPLIANCE

Pursuant to Chamber Procedure 2(B)(l), the undersigned certifies that these comments comply with the word limitation requirement. The word count for Defendant-Intervenors' Comments in Support of the Final Results of Redetermination Pursuant to Court Remand, as computed by Wiley Rein LLP's word processing system (Microsoft Word 2021), is 2,380 words.

  /s/ Alan H. Price  
(Signature of Attorney)

  Alan H. Price  
(Name of Attorney)

Nucor Corporation  
(Representative Of)

  June 1, 2023  
(Date)